**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAGEELA DIXON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA; NATIONAL RAILROAD PASSENGER CORPORATION; BARBARA ANN NEU; BNSF RAILWAY CORPORATION; YOUNG'S COMMERCIAL TRANSFER, INC.; JIMENEZ TRUCKING; RIGOBERTO FERNANDEZ JIMENEZ; STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION.<br><br>　　　　Defendants. | No.  1:13-cv-244-AWI-GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF THIS ACTION FOR FAILURE TO OBEY A COURT ORDER AND FOR FAILURE TO PROSECUTE**<br><br>**OBJECTIONS, IF ANY,  DUE NO LATER THAN JUNE 13, 2014** |

**INTRODUCTION**

 On December 6, 2013, a status conference was held in this case.  At that time, Counsel were ordered to appear for a follow-up status conference on March 26, 2014 at 10:00 before the undersigned.  (Doc. 32).  The Court also required that a joint status report be filed one week prior to the conference.  (Doc. 32).

 The status conference was held by this Court on March 26, 2014 as scheduled, however,

1

Plaintiff's counsel failed to appear.  Additionally, Plaintiff's counsel did not participate in the preparation of the joint status report.  On March 26, 2014, this Court set another status conference for May 22, 2014, and ordered that the parties submit a joint scheduling report one week prior to the hearing.  (Doc. 40).

On March 26, 2014, this Court also issued an order to show cause why sanctions should not be imposed against Plaintiff's counsel for failing to appear and failing to follow this Court's orders. (Doc. 41).  Counsel was ordered to file a written response no later than April 17, 2004, and was advised that failure to file a timely response to the Order to Show Cause could result in monetary sanctions or dismissal of this action. (Doc. 41).  Counsel failed to file any written response or otherwise contact the Court.

On May 15, 2014, Defendants' counsel filed a statement indicating that Plaintiff's counsel has failed to respond to discovery requests, and did not participate in the drafting of the  joint scheduling report which is required for the scheduling conference set for May 22, 2014 as ordered.  (Doc. 42).

**DISCUSSION**

Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. <u>Ghazali</u>, 46 F.3d at 53; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Malone</u>, 833 F.2d at 130;  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that the Plaintiff intends to prosecute this action.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's order requiring Plaintiff's counsel to respond to the Order to Show Cause was clear that dismissal would result from non-compliance with the Court's order. (Doc. 41, pg. 2).

**RECOMMENDATION**

Based on the above, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to comply with a court order and that the Clerk of the Court be directed to close this action.  In light of this recommendation, the scheduling conference in this matter currently set for May 22, 2014 at 10:00 a.m. is VACATED.

These findings and recommendations are submitted to United States District Judge Anthony W. Ishii, pursuant to 28 U.S.C. § 636(b)(1)(B).  Within **thirty (30) days** after the date of this Finding and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 19, 2014**                              **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE